IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Nikolajs Baranovskis, et al. § | | |
| Plaintiffs § | | |
| § | | |
| v. § | C.A. No. _____ | |
| § | IN ADMIRALTY | |
| § | RULE 9(h) | |
| M/V SAPPHIRE STAR, § | | |
| her engines, tackle, apparel, boilers, § | | |
| equipment and appurtenances, etc. *in rem*, § | | |
| et. al. § | | |
| Defendants § | | |

## VERIFIED COMPLAINT FOR UNPAID WAGES, DELAY WAGES AND COSTS OF LITIGATION

COMES NOW, Nikolajs Baranovskis, Artem Belogortsev, Andrejs Bulboake, Ilja Dubrovskij, Jurijs Frolonoks, Andrejs Hiznaks, Rihards Kokins, Aleksandrs Politovs, Denys Ponomaryov, Aleksandrs Sicikovs, Vladimir Solovjovs, Jurijs Tarands, Romans Tatarenkovs and Boriss Visockis, hereinafter referred to as "Plaintiffs," all citizens of the countries of Latvia, Lithuania, Ukraine or Russia, through the undersigned counsel, who respectfully represent to the Court as follows:

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333 and 46 U.S.C. §10313. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Court. Plaintiffs are all employed as crew members aboard the M/V/ SAPPHIRE STAR (IMO No. 8903208), a vessel flying the flag of Portugal, and are seamen who, pursuant to 28 U.S.C. §1916, shall not be required to give security for costs

upon the filing of this action.

2.

Defendants are as follows:

(1) **M/V SAPPHIRE STAR (IMO No. 8903208)**, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., In Rem, a vessel flying the flag of Portugal, which is presently located within the territorial jurisdiction of this Honorable Court; and

(2) **LPG SHIPS I, AS,** *in personam*, a foreign corporation or similar entity registered in Norway, the registered owner of the M/V SAPPHIRE STAR (IMO No. 8903208); and

(3) **PIANURA ARMATORI, SRL,** *in personam,* the manager and owner *pro hac vice* of the M/V SAPPHIRE STAR (IMO NO. 8903208) a foreign corporation or similar entity having its principal offices in Italy.

3.

Each Plaintiff has faithfully performed all of his duties on board the **M/V SAPPHIRE STAR (IMO No. 8903208),** but despite repeated demands, the managers of the vessel and the shipowner have refused to pay Plaintiffs' wages and accumulated employee benefits for and in excess of three (3) months despite previous demand in the United States Port of Houston, Texas, made on or about January 15, 2010. Plaintiffs are collectively owed in excess of ONE HUNDRED SEVENTY-THREE AND NO/100 ( $173,000.00) DOLLARS, representing wages and benefits earned and due, but unpaid. Plaintiffs are entitled to an accounting of the wages due to them. Plaintiffs are additionally owed prejudgment interest on all wages and delay wages due them from date due until paid.

4.

The failure of Defendants to pay Plaintiffs' wages in a timely fashion is a breach of each Plaintiff's Contract of Employment, obligating Defendants to not only pay the past due wages, but also to repatriate each Plaintiff to his domicile at Defendants' expense, and to pay to each Plaintiff termination pay, travel pay, and subsistence allowance.

5.

In addition thereto, Defendants' failure to timely pay Plaintiffs' wages after demand without sufficient cause entitled Plaintiffs to two (2) days' pay for each and every day of delay pursuant to the provisions of 46 U.S.C. §10313.

6.

Plaintiffs are likewise entitled to an award of attorney's fees and costs for Defendants' failure to pay wages.

7.

Plaintiffs' claim for wages, delay wages pursuant to 46 U.S.C. §10313, expenses of repatriation, termination pay, travel pay, subsistence allowance, attorney's fees and costs, all constitute a maritime lien against the **M/V SAPPHIRE STAR (IMO No. 8903208)**, her engines, tackle, apparel, boilers, equipment, and appurtenances, etc., *in rem*, in an amount estimated to be at least FIVE HUNDRED THOUSAND AND NO/100 ($500,000.00) DOLLARS. Plaintiffs request that this Court issue a warrant for the arrest of the **M/V SAPPHIRE STAR (IMO No. 8903208)**, her engines, tackle, apparel, boilers, equipment, and appurtenances, etc., and after due proceedings, that the vessel be sold to satisfy Plaintiffs' claims.

8.

Plaintiffs advise the Court that the vessel is presently located at Torga Docks, Houston,

Texas, where it was to discharge cargo, which is within this District; that it is in the best interest of Plaintiffs that this Court issue an Order allowing the loading and unloading of cargo to continue while the vessel is under arrest, and to authorize the shifting of anchorages or movement from the cargo terminal, as the conditions require for the safe and efficient operation of the vessel, all within the jurisdiction of this Court. Moreover, in consideration of the Court's Order to allow the loading and unloading of cargo and shifting of anchorages of the **M/V SAPPHIRE STAR (IMO No. 8903208)**, Plaintiffs agree to release the United States and the Marshal from any and all liability and responsibility arising out of the loading and unloading of cargo and shifting of anchorages of said vessel, and Plaintiffs further agree to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the loading and unloading of cargo and shifting of anchorages of vessel.

**WHEREFORE**, Plaintiffs pray for Judgment in their favor and against the Defendants, **M/V SAPPHIRE STAR (IMO No. 8903208)**, her engines, tackle, apparel, boilers, equipment, and appurtenances, etc., *in rem*, and **LPG SHIPS 1, AS**, *in personam,* jointly and severally and **PIANURA ARMATORI, SRL**, *in personam*, for an accounting of all wages due to them, for wages, delay wages, prejudgment interest, expenses of repatriation, termination pay, travel pay, subsistence allowance, attorney's fees and costs; that a Warrant of Arrest issue herein for the arrest of the **M/V SAPPHIRE STAR (IMO No. 8903208)**, her engines, tackle, apparel, boilers, equipment, and appurtenances, etc., and that after due proceedings, the vessel be sold to satisfy Plaintiffs' claims; and such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Dated this 17th day of March, 2010.

Respectfully submitted,

_____
ROBERT G. MOLL
SDTX I.D. No.:   15213
Texas Bar No.: 00784622
JUSTIN D. MITCHELL
SDTX I.D. No.: 1055710
Texas Bar No.: 24070285
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2288
Telefax:   (713) 222-1359
E-mail:   rmoll@hillrivkins.com
E-mail:   jmitchell@hillrivkins.com

ATTORNEYS FOR PLAINTIFFS

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

**M/V SAPPHIRE STAR,** was at all material times a cargo vessel sailing under the Madiera flag. The vessel was built in 1991, its IMO Number is **8903208**, and its gross tonnage is 8,614 tons.

Defendant, **LPG SHIPS I, AS**, was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Vaskerelven39 P O Box 1074
Bergen
N-5014 / Norway

Defendant, **PIANURA ARMATORI, SRL,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Via Felisati 61 Franz Mestre
Venice
30170 / Italy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Nikolajs Baranovskis, et al. § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | C.A. No. _____ | |
| § | IN ADMIRALTY | |
| § | RULE 9(h) | |
| M/V SAPPHIRE STAR, § | | |
| her engines, tackle, apparel, boilers, § | | |
| equipment and appurtenances, etc. *in rem*, § | | |
| et. al. § | | |
|     Defendants § | | |

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF HARRIS**

    BEFORE ME, the undersigned authority, personally came and appeared,

**JUSTIN DAVID MITCHELL**

known to me who after being duly sworn, deposed and stated:

    He is counsel for Plaintiffs in the above-captioned litigation and has read the above and foregoing Verified Complaint in this action, and all the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief. Plaintiffs themselves are unable to sign this Verification, as they are foreign nationals aboard a vessel, without visas or authorization to leave the vessel. The information contained in this Verified Complaint has been obtained directly from said Plaintiffs and their employment records.

                                                                  _____
                                                                  Justin David Mitchell

SWORN TO AND SUBSCRIBED before me this 17th day of March, 2010.

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

Notary Public
Print Name: Rosa Landin
My Commission Expires: 3/26/2012

7